Filed 9/25/20  P. v. Rhodes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C091372 |
| Plaintiff and Respondent, | (Super. Ct. No. 62162009B) |
| v. | |
| DESSIE RC RHODES, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In 2019, defendant Dessie RC Rhodes pleaded no contest to conspiracy to commit the crime of shoplifting, a felony.  (Pen. Code, § 182, subd. (a)(1); statutory section citations that follow are to the Penal Code.)  In exchange for her plea, the People agreed to dismiss "[t]he balance" of the charges, i.e., count 2--misdemeanor shoplifting.

The trial court imposed a sentence of 16 months imprisonment in county jail, pursuant to section 1170, subdivision (h).

The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373), and awarded 129 days of credit.

1

Defendant filed a timely notice of appeal and did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

We have examined the entire record.  It does not appear from the record that, at sentencing, the trial court dismissed the remaining shoplifting count (§ 459.5, subd. (a); count 2) as contemplated by the parties' agreement.  We will modify the judgment to dismiss that count.  (§ 1260; see *People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

## DISPOSITION

The judgment is modified to dismiss the shoplifting count, count 2 of the information.  The judgment is affirmed as modified.

HULL, Acting P. J.

We concur:

MURRAY, J.

HOCH, J.

2